IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **vs.** | ) |
| | )   **CRIMINAL NO. 05-0017-CG** |
| **JUVENAL CEJA ESPINOZA and** | ) |
| **JUAN PEREZ-OLIVEROS,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This cause is before the court on the United States' motion to continue. (Doc. 93). The motion is due to be granted.

The two defendants in this action were charged in the same indictment as co-conspirators in various drug offenses. (Doc. 1). Both defendants are currently scheduled to be tried during the July 2005 trial term. However, counsel for Espinoza filed a motion for psychiatric evaluation to determine whether he is competent to stand trial, which this court granted on May 3, 2005. (Docs. 80, 84). Espinoza previously waived his right to speedy trial. (Doc. 65).

Though Perez-Oliveros also waived his right to a speedy trial on May 20, 2005, (Doc. 89) the government represents that Perez-Oliveros' counsel indicated at a pretrial conference before Magistrate Judge Lee that he wished Perez-Oliveros to be tried during the July trial term. This would in effect create a severance of the two defendants, as it is highly unlikely that Espinoza will be transferred, examined, and returned to the Southern District of Alabama in time for a trial in the July term.[1]

---

[1] As no severance has been granted in this case, to the extent the government's motion seeks to consolidate the defendants' cases, that portion of the motion is moot.

1

The court agrees with the United States' position that these defendants should be jointly tried. Ordinarily, defendants who are indicted together should be tried together in the interest of judicial economy.  United States v. Morales, 868 F.2d 1562, 1571 (11th Cir. 1989).  This rule holds particularly true in conspiracy cases.  Id.  This preference for joint trials is a result of considerations of judicial economy, conservation of public resources, and the need for the efficient administration of justice.  United States v. Walker, 720 F.2d 1527, 1533 n.2 (11th Cir. 1983).

Aside from Perez-Oliveros' waiver of the right to a speedy trial, there is no speedy trial issue in this case because any delays resulting from any proceeding, including mental examinations to determine competency of the defendant, "shall be excluded" from computation of the speedy trial calendar.  18 U.S.C. § 3161(h)(1)(A).  This exception applies not only to the defendant undergoing the examination but to "any defendant" in the case.  18 U.S.C. § 3161(h)(1)(H).  Moreover, a reasonable period of delay is excludable from the speedy trial calendar when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. 18 U.S.C. §3161(h)(7).  See also United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998) (time required for mental competency examinations of codefendants were excludable in accordance with Speedy Trial Act).

## CONCLUSION

After due consideration of all matters presented and for the reasons stated herein, the government's motion to continue is **GRANTED**.  The trial of both defendants is hereby **CONTINUED** until Espinoza returns from his competency evaluation.  This action is **SCHEDULED**

for the **August 2005** trial term.[2]

      **DONE and ORDERED** this 20th day of June, 2005.

                                              /s/ Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Espinoza does not return from his examination in time to stand trial in August 2005, the court will reschedule defendants' trial, and, on motion of the defendant, will reconsider the issue of whether further continuance constitutes a reasonable time period.